# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY BARTLETT on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No.:<br>**1:11-CV-0624-JOF**<br><br>Class Action |

## Joint Preliminary Report and Discovery Plan

1. **Description of Case:**

    **(a) Describe briefly the nature of this action.**

Plaintiff filed this putative class action for claimed violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*

    **(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff is a Georgia resident. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware corporation with its principal place of business in Norfolk Virginia. Defendant's business includes owning and collecting purported unpaid debt. Plaintiff claims that beginning on about October 28, 2010, she began receiving non-emergency calls (i) on her cellular phone from PRA, (ii) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and (iii) for which PRA had received no prior express consent to make such calls.

1

**(c) Legal issues to be tried are as follows:**

      **(1)    Plaintiff and Defendant's Agreed Statement of the Issues:**

Whether PRA's dialing technology is an automated telephone dialing system as defined by the TCPA, whether PRA utilized an artificial or prerecorded voice in making such calls to Plaintiff and the putative class, whether Plaintiff and each member of the putative class can prove that PRA's actions violate the TCPA, whether, PRA as required by the FCC 2008 Declaratory Order PRA can prove that it had prior express consent to make such calls to Plaintiff and the putative class, whether Plaintiff can maintain a class action pursuant to Fed. R. Civ. P. 23.

      **(2)    Defendant's Additional Statement of the Issues:**

In addition to the issues Plaintiff raises above, PRA raises the issue of whether the TCPA applies to calls made by debt collectors to cell phones.

      **(d) The cases listed below (include both style and action number) are:**

          (1) Pending Related Cases:

None.

          (2) Previously Adjudicated Related Cases:

None.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

|  |  |  |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government** |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| __X__ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

**The Federal Communications Commission is currently engaged in a rulemaking proceeding regarding the TCPA. The parties do not believe that the rulemaking proceeding constitutes a "[p]ending parallel investigation[ ] or action by government" as contemplated by section 2(7) above.

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff's Lead Counsel:
Henry A. Turner
TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Avenue
Suite 207
Decatur, GA 30030

Plaintiff's Co-Counsel:
Samuel M. Hill

THE LAW OFFICES OF SAM HILL, LLC
265 RIVERCHASE PARKWAY EAST, SUITE 202
HOOVER, AL 35244

TELEPHONE (205) 250-7776
FACSIMILE (205) 250-7675
SAM@SAMHILLLAWOFCS.COM

---

Defendant:
Christopher W. Madel (admitted *pro hac vice*)
Denise S. Rahne (admitted *pro hac vice*)
Jennifer M. Robbins (admitted *pro hac vice*)
Barry M. Landy (admitted *pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Lisa L. Heller
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
950 East Paces Ferry Rd. N.E.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386

---

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes     __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) **The following persons are necessary parties who have not been joined:**

None.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:**

None at this time.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.    **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file

later. Local Rule 7.1A(2).

    (a)   *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b)   *Summary Judgment Motions:* on or before September 14, 2011.

    (c)   *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)   *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

    (e)   *Motion for Class Certification*: June 15, 2011, pursuant to Local 23.1(B).

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

Both parties by May 13, 2011.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Plaintiff's Response: Plaintiff requests an early Status Conference before the Court, as set forth in ¶ 10 below.

Plaintiff requests an early Status Conference before the Court regarding the issue of discovery of documents, records, and information of the underlying debt of Plaintiff and the putative class members. Defendant anticipates seeking discovery on this topic, which Plaintiff contests.

**10.    Discovery Period:**

The discovery period commences upon the filing of Defendant's Answer (April 13, 2011), based upon a Joint Stipulation entered into by the Parties on April 7, 2011 and the approval of this Court. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. The parties agree that this case is likely subject to a four-month discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Plaintiff's Statement of the Subjects on Which Discovery May Be Needed:**

Business records of Defendant evidencing documents, records, and information related to calls made by PRA to the Cellular Telephones of the named plaintiff and the putative class members. Business records of Defendant evidencing documents, records, and information related to PRA's dialing technology, and prerecorded message or artificial voice technology, relative to the calls to the Cellular Telephones of the named plaintiff and the putative class members. Business records of Defendant evidencing documents, records, and information related to whether plaintiff or any of the putative class members provided prior express consent to call their cellular telephone numbers. Documents, records, and information related to whether plaintiff can maintain a class action pursuant to Fed. R. Civ. P. 23.

**Defendant's Statement of the Subjects on Which Discovery May Be Needed:**

Documents, records, and information related to cellular telephone calls made to members of the named plaintiff and the putative class members. Documents, records, and information related to PRA's dialing technology. Documents, records, and information related to whether plaintiff or any of the putative class members provided consent to call their cellular telephone numbers. Documents, records, and information related to the underlying debt of plaintiff and the putative class members. Documents, records, and information related to whether plaintiff can maintain a class action pursuant to Fed. R. Civ. P. 23.

Plaintiff provides below a "Preliminary Response to Defendant's Additional

Statement of the Subjects on Which Discovery May Be Needed." Defendant will
be prepared to address this issue at the early Status Conference requested by
Plaintiff above at section 9.

**Plaintiff's Preliminary Response to Defendant's Additional Statement of
the Subjects on Which Discovery May Be Needed:**

**In a TCPA case concerning calls to Cellular Telephones, the underlying debt is
not a factual or legal element of the claims because " [i]t is unlawful "to make
*any call* using an automatic telephone dialing system or an artificial or
prerecorded message to any wireless telephone number."" [2008 FCC
Declaratory Order, ¶ 7], and " [t]his prohibition applies regardless of the
content of the call,"[2008 Declaratory Order, ¶ 11].**

**Plaintiff respectively requests an early Status Conference before the Court
on this issue, pursuant to FRCP 16.**

If the parties anticipate that additional time beyond that allowed by the assigned
discovery track will be needed to complete discovery or that discovery should be
conducted in phases or be limited to or focused upon particular issues, please state those
reasons in detail below:

Not at this time.

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed
under the Federal Rules of Civil Procedure or Local Rules of this Court, and
what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

   X    Yes                        No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed as follows:

Plaintiff has agreed to timely furnish Defendant with the relevant parameters of the electronically stored information that Plaintiff will require in Discovery. Defendant will then present to Plaintiff proposed method and format for furnishing such information as part of the ESI protocol currently being negotiated by the Parties.

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Subject to the response in 11(b) above, the parties are in the process of establishing a Stipulation for Discovery of Electronically Stored Information and Hard Copy Documents that will dictate the production format protocol.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.    Settlement Potential:**

**(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on April 15, 2011, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiff: Lead counsel:          (signature):  /s/ Henry A. Turner, Esq.

           Co-Counsel:          (signature): /s/ Samuel M. Hill, Esq.
                                        *(pro hac vice)*

For defendant: Lead counsel          (signature): /s/ Christopher W. Madel
                                        *(pro hac vice)*
                                      (signature): /s/ Lisa L. Heller
                                        (signature): /s/ Denise S. Rahne
                                        *(pro hac vice)*
                                        (signature): /s/ Jennifer M. Robbins
                                        *(pro hac vice)*
                                        (signature): /s/ Barry M. Landy
                                        *(pro hac vice)*

**(b)** All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

        (_____) A possibility of settlement before discovery.
        (_X_) A possibility of settlement after discovery.
        (_____) A possibility of settlement, but a conference with the judge is needed.
        (_____) No possibility of settlement.

**(c)** Counsel (_____) do or (__X__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

**(d)** The following specific problems have created a hindrance to settlement of this case.

**14.  Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**(a)** The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this

_____ day _____, of 20____.

**(b)** The parties ( __X__ ) do not consent to having this case tried before a magistrate judge of this Court.

**TURNER LAW OFFICES, LLC**

By: /s/ Henry A. Turner
     Henry A. Turner (719310)

403 W. Ponce de Leon Avenue
Suite 207
Decatur, GA 30030
Tel:  404-261-7787

*Lead Counsel for Plaintiff Kimberly Bartlett*

Samuel M. Hill (*pro hac vice*)
THE LAW OFFICES OF SAM HILL, LLC
265 RIVERCHASE PARKWAY EAST, SUITE 202
HOOVER, AL 35244
TELEPHONE (205) 250-7776
FACSIMILE (205) 250-7675
SAM@SAMHILLLAWOFCS.COM

*Co-Counsel for Plaintiff Kimberly Bartlett*

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: /s/ Lisa L. Heller
    Lisa L. Heller (344109)

950 East Paces Ferry Rd. N.E.
2600 One Atlanta Plaza
Atlanta, GA 30326-1386
Tel:  404-760-4300
Fax:  404-233-1267

Christopher W. Madel (*pro hac vice*)
Denise S. Rahne (*pro hac vice*)
Jennifer M. Robbins (*pro hac vice*)
Barry M. Landy (*pro hac vice*)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Tel: 612-349-8500
Fax: 612-339-4181

*Attorneys for Defendant*
*Portfolio Recovery Associates, LLC*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Summary Judgment Motions shall be filed on or before September 14, 2011.
Plaintiff's Motion for Class Certification shall be filed on June 15, 2011.

IT IS SO ORDERED, this _____ day of _____, 2011.

_____
United States District Judge J. Owen Forrester

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D of the Local Rules for the United States District

Court for the Northern District of Georgia, I hereby certify that the foregoing

Joint Preliminary Report and Discovery Plan in the above-captioned case has been

prepared in Times New Roman, 14 point font, as permitted by Local Rule 5.1B.


By: __/s/ Henry A. Turner__ _ _
      Henry A. Turner
      Georgia Bar No. 719310

TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 261-7787
hturner@tloffices.com           Lead Counsel for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KIMBERLY BARTLETT on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>     Defendant. | **CASE NO.**<br><br>**1:11-CV-0624-JOF**<br><br>**CLASS ACTION** |

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the within and foregoing Joint

Preliminary Report and Discovery Plan in the above-captioned case with the Clerk

of the Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to the following attorneys of record:

**Christopher W. Madel** cwmadel@rkmc.com

**Barry M. Landy** bmlandy@rkmc.com

**Denise S. Rahne** DSRahne@rkmc.com

**Jennifer M. Robbins** jmrobbins@rkmc.com

**Lisa L. Heller** llheller@rkmc.com; tljones@rkmc.com

This 28th day of April, 2011.

By:   /s/ Henry A. Turner
     Henry A. Turner
     Georgia Bar No. 719310

TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 261-7787
hturner@tloffices.com     Lead Counsel for Plaintiff

16