```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION




KIMBERLY BARTLETT,              )
                                )
              PLAINTIFF,        )
                                )
     VS.                        )
                                )           DOCKET NUMBER
PORTFOLIO RECOVERY              )           1:11-CV-624-JOF
ASSOCIATES, INC.,               )
                                )           ATLANTA, GEORGIA
              DEFENDANT.        )           JUNE 7, 2011
                                )
_____)



                    TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE J. OWEN FORRESTER,
              UNITED STATES DISTRICT SENIOR JUDGE


APPEARANCES:

FOR THE PLAINTIFF:              HENRY TURNER
                                DECATUR, GEORGIA  30030

                                SAMUEL HILL
                                HOOVER, ALABAMA  35244

FOR THE DEFENDANT:              LISA HELLER
                                ROBINS, KAPLAN, ET AL.
                                ATLANTA, GEORGIA  30309




OFFICIAL COURT REPORTER:        MONTRELL VANN, CCR,RPR,RMR,CRR
                                2394 UNITED STATES COURTHOUSE
                                75 SPRING STREET, SOUTHWEST
                                ATLANTA, GEORGIA  30303
                                (404)215-1549
```

```
 1        (IN ATLANTA, FULTON COUNTY, GEORGIA, JUNE 7, 2011, IN

 2   CHAMBERS.)

 3             THE COURT:  THIS IS KIMBERLY BARTLETT VERSUS PORTFOLIO

 4   RECOVERY ASSOCIATES.  AND THE PLAINTIFFS ASKED FOR A STATUS

 5   CONFERENCE, SO HERE WE ARE.  WHAT DO YOU GUYS WANT?

 6             MR. TURNER:  BASICALLY, YOUR HONOR, FROM THE

 7   PLAINTIFF'S STANDPOINT, WHICH SAM AND I ARE THE PLAINTIFF'S

 8   ATTORNEYS IN THIS, IS THAT IN PREPARING THE JOINT PRELIMINARY

 9   REPORT THERE WAS AN ISSUE THAT AROSE BETWEEN DEFENDANT'S COUNSEL

10   AND US CONCERNING THE FACT THAT THE DEFENDANTS INDICATED THAT

11   THE UNDERLYING DEBT -- STRIKE THAT, YOUR HONOR.  LET ME CLARIFY

12   SOMETHING FOR JUST A SECOND.  THE STATUTORY BASIS FOR THE CLAIMS

13   MADE IN THIS CASE IS A FEDERAL STATUTE THAT THE JUDGE, YOUR

14   HONOR'S, FAMILIAR WITH, AND IT'S CALLED TELEPHONE CONSUMER

15   PROTECTION ACT.

16             THE COURT:  YOU'RE ASSUMING I'M FAMILIAR WITH.

17             MR. TURNER:  THE SAME ONE YOU'RE DEALING WITH IN THE

18   AT&T CELLULAR CASE, YOUR HONOR, THE SAME ONE.  AND IN FACT IT'S

19   THE SAME SECTION OF THE ACT DEALING WITH CALLS, NON-EMERGENCY

20   CALLS MADE TO A CELLULAR TELEPHONE USING A AUTO DIALER OR

21   PRE-RECORDED DEVICE AND FOR WHICH THERE WAS NO PRIOR EXPRESSED

22   CONSENT.  AND I WAS PLEASED TO SEE YOUR HONOR IN THE AT&T CASE

23   PUT THAT IN THE OPINION AND ORDER FROM JUNE OF LAST YEAR AND

24   CITED EXACTLY THAT PART OF THE STATUTE.  THAT'S EXACTLY WHAT

25   WE'RE DEALING WITH HERE.  I THINK THE POTENTIAL DIFFERENCES HERE
```

```
 1  AND WHY WE PUT IT IN AND ASKED FOR AN EARLY SCHEDULING
 2  CONFERENCE WAS THAT THE DEFENDANTS ARE SAYING THAT DETAILS OF
 3  THE UNDERLYING DEBT -- THIS IS A DEBT BUYER, DEBT COLLECTOR,
 4  YOUR HONOR.  THEY BUY -- THEY BUY DEFAULTED DEBT AND THEN THEY
 5  COLLECT ON IT, SO THEY COME SQUARELY WITHIN THE AMBIT OF WHAT
 6  WE'RE TALKING ABOUT HERE.  BUT WE CONTEND, PLAINTIFF CONTENDS
 7  THE DETAILS OF THE UNDERLYING DEBT, SINCE THE ONLY CLAIM HERE IS
 8  T.C.P.A., THERE IS NO FAIR DEBT COLLECTION PRACTICES ACT CLAIM
 9  OR ANYTHING LIKE IT, THAT THE ONLY ELEMENTS ARE THE ONES I JUST
10  NAMED.  THE UNDERLYING DEBT ITSELF HAS NOTHING TO DO WITH IT.
11  AND WE SUPPORT THAT, YOUR HONOR, IN OUR FILINGS WHICH IS PUT ON
12  RECORD BASED ON A 2008 DECLARATORY ORDER FROM THE F.C.C., WHICH
13  IS CONTROLLING AUTHORITY, OF COURSE, ON THE T.C.P.A. AND WHICH
14  IT VERY CLEARLY SAID, YOUR HONOR -- AND THE DOCUMENTS ON RECORD
15  VERY CLEARLY SAID THAT THE PURPOSE OF THE CALL, IT DOESN'T
16  MATTER.  IT'S A CALL TO ANY CELLULAR TELEPHONE -- FOR ANY REASON
17  TO A CELLULAR TELEPHONE WHERE IT MEETS THOSE REQUIREMENTS WE
18  JUST DISCUSSED.  SO WHAT WE'RE SAYING IS THAT THE UNDERLYING
19  DEBT, DETAILS OF IT, PLAY NO PART IN MEETING THE ELEMENTS OF
20  THIS CASE.
21          MS. HELLER:  GOOD MORNING, YOUR HONOR.  LISA HELLER,
22  ROBINS, KAPLAN, MILLER & CIRESI.  FIRST OF ALL, WHAT WE SAID IN
23  THE PRELIMINARY PLANNING REPORT IS THAT WE WOULD BE SEEKING
24  DISCOVERY ON DOCUMENTS, RECORDS, AND INFORMATION RELATED TO THE
25  UNDERLYING DEBT AND WHY WOULD WE WANT THAT.  BECAUSE, AS
```

1   PLAINTIFF RECOGNIZES AND AS IS IN THEIR CLASS DEFINITION, THEY
2   HAVE EXCLUDED ANYBODY WHO'S CONSENTED TO THE CALL.  SO WHAT
3   WE'RE SEEKING IS DISCOVERY THAT MAY SHOW CONSENT FOR USE OF
4   THEIR CELLULAR PHONE.  AND I'LL GIVE YOU AN EXAMPLE OF ONE.  IF
5   DURING A COLLECTION CALL THEY SAID, CAN WE CALL YOUR CELL PHONE?
6   AND THEY SAID, YES, AND THERE WAS A NOTATION AND IT WAS
7   CONFIRMED IN AN E-MAIL OR A TEXT, WE WOULD WANT DISCOVERY ON
8   THAT.  OR, FOR EXAMPLE -- AND I HAVE A COPY OF ONE OF THESE.
9   AND I APOLOGIZE, YOUR HONOR.  I ONLY HAVE ONE.  IT'S A COPY OF A
10  WASHINGTON MUTUAL CREDIT CARD AGREEMENT.  AND THE CREDIT CARD
11  AGREEMENT IN ITSELF SPECIFICALLY SAYS YOU CONSENT TO BEING
12  CONTACTED ON YOUR CELL PHONE.  AND SO WHAT WE'RE NOT DOING IS
13  WE'RE NOT TRYING TO HARASS OR SEEK DISCOVERY ABOUT THE DEBT
14  ITSELF OR THE FACTS SURROUNDING WHY THAT IS A DEBT THAT HAS NOT
15  BEEN PAID.
16       WHAT WE ARE SEEKING AND INDICATING TO THEM THAT WE WILL BE
17  SEEKING IS DISCOVERY THAT WOULD GO TO THE ISSUE OF WHETHER OR
18  NOT THERE MAY BE CONSENT.  AND TO DO THAT AT THE DISCOVERY STAGE
19  IS TOTALLY PERMISSIBLE.  I MEAN, THE COURTS HAVE SAID THAT THE
20  ISSUE OF CONSENT IS A CENTRAL ISSUE WITH RESPECT TO BOTH THE
21  MERITS AND CLASS CERTIFICATION.  IT GOES TO THOSE ISSUES.  AND
22  SINCE THERE'S INJUNCTIVE RELIEF IN THIS CASE, IT'S GOING TO GO
23  TO THE ISSUES OF WAIVER AND POTENTIALLY UNCLEAN HANDS.  BECAUSE
24  IF YOU INCUR A DEBT AND AGREE TO TERMS WHERE YOU CAN CALL THE
25  CELL PHONE, GET THE DEBT, DROP YOUR LAND LINE, AND THEN TURN

1  AROUND AND SAY YOU'RE VIOLATING THE LAW BY CALLING ON THE CELL
2  PHONE, THAT MAY BE AN UNCLEAN HANDS INJUNCTIVE DEFENSE AT ALL --
3  RIGHT NOW THE ISSUE IS --
4             THE COURT:  YOUR HYPOTHETICAL HAS THEM CONSENTING, SO
5  WHY IS THAT AN EXAMPLE OF UNCLEAN HANDS?
6             MS. HELLER:  WELL, IT WOULD BE UNCLEAN HANDS TO, ON
7  THE ONE HAND, CONSENT AND THEN TO THEN TURN AROUND AND SAY, OH,
8  I CONSENTED, BUT NOW I'M GOING TO SUE YOU FOR VIOLATING THE LAW.
9             THE COURT:  IT MAY BE SOMETHING.  I DON'T KNOW WHETHER
10 IT'S UNCLEAN HANDS OR NOT.
11            MS. HELLER:  WELL, LET ME PUT IT THIS WAY:  I THINK IT
12 WOULD BE INAPPROPRIATE.
13            MR. HILL:  MAYBE IT'S JUST MILDLY DUSTY INSTEAD OF
14 ANYTHING ELSE.
15            MS. HELLER:  AND REALLY WHERE WE ARE IS WE'RE AT THE
16 DISCOVERY STAGE.  AND THE TRUTH OF THE MATTER IS, IS WE HAVE
17 SERVED OUR DISCOVERY.  THE RESPONSES AREN'T EVEN DUE YET.  WE'RE
18 KIND OF IN AN ADVISORY PLACE RIGHT NOW.
19            MR. TURNER:  YOUR HONOR, MAY I ADD -- I'M SORRY, LISA.
20 AM I INTERRUPTING?  WE AGREE COMPLETELY THAT IN FACT THE
21 DEFENDANT, ACCORDING TO THE F.C.C. 2008 DECLARATORY RULING, SAYS
22 THAT WE CONCLUDE THAT THE CREDITOR SHOULD BE RESPONSIBLE FOR
23 DEMONSTRATING THE CONSUMER PROVIDED PRIOR EXPRESSED CONSENT.  IT
24 IS THE DEFENDANT IN THIS CASE WHO IS THE CREDITOR, CREDITOR IN
25 SUCCESS, SUCCESSOR CREDITOR, WHO HAS POSSESSION OF THE RECORDS,

```
 1  OF THE BUSINESS RECORDS.  AND WE AGREE -- I AGREE COMPLETELY
 2  WITH LISA THAT IT IS THEIR BURDEN TO SHOW THAT THERE WAS PRIOR
 3  EXPRESSED CONSENT, AND THEY SHOULD BE ABLE TO DO THAT FROM THE
 4  BUSINESS RECORDS WHICH THEY HAVE.  OKAY.  AND THE BURDEN IS ON
 5  THEM.  THAT'S WHAT THE 2008 ORDER SAYS, THE BURDEN'S --
 6            THE COURT:  I DON'T UNDERSTAND WHY THIS IS HARD.
 7  YOU'RE NOT RESISTING THIS, ARE YOU?
 8            MS. HELLER:  WHAT?  RESISTING WHAT, YOUR HONOR?
 9            THE COURT:  ANY ATTEMPT BY THEM TO DISCOVER CONSENT.
10            MS. HELLER:  NO.  WE'RE TRYING TO DISCOVER CONSENT
11  BECAUSE WE'RE THE DEFENDANT.  THEY'RE TRYING TO RESIST --
12            MR. TURNER:  SHE'S TRYING TO PUT THE BURDEN ON THE
13  PLAINTIFF TO PRODUCE --
14            THE COURT:  WELL, EITHER SIDE CAN ASK FOR EVIDENCE OF
15  CONSENT.  WE'RE IN DISCOVERY.  WE'RE NOT TRYING THE CASE.
16            MS. HELLER:  AND THAT'S ALL WE'RE ASKING, YOUR HONOR.
17            MR. TURNER:  AND WE'VE ALREADY TURNED OVER EVERYTHING
18  THAT WE HAVE, YOUR HONOR.
19            MR. HILL:  JUDGE, CAN I SORT OF PUT THIS IN
20  PERSPECTIVE?  WHAT WE DON'T WANT TO DO -- IT DOESN'T MATTER
21  UNDER THE T.C.P.A. WHETHER THE CALL WAS MADE TO SELL WIDGETS OR
22  COLLECT A DEBT OR WHATEVER.  WE JUST DON'T WANT THIS CASE TO GET
23  SIDETRACKED ON AN F.D.C.P.A. TYPE CLAIM THAT WE'RE NOT MAKING.
24  SO WE DON'T WANT TO GET BOGGED DOWN IN A LOT OF DISCOVERY
25  DIRECTED TOWARD THE PLAINTIFFS THAT'S REALLY NOT PART OF THIS
```

1  CASE.

2           THE COURT:  I DON'T REMEMBER ALL THESE ACRONYMS --

3           MR. HILL:  OKAY.  I'M SORRY.  THIS IS NOT A FAIR DEBT
4  COLLECTION PRACTICES ACT CLAIM.

5           THE COURT:  THAT'S WHAT I THOUGHT YOU MEANT.

6           MR. HILL:  WE CAN SELL WIDGETS OR WHATEVER.  AND QUITE
7  HONESTLY, JUDGE, WE DON'T HAVE THAT MUCH INFORMATION ABOUT WHAT
8  THE CLASS UNDERLYING DEBT WAS OR NOT.  BUT THE REASON THIS IS
9  REALLY ALL SORT OF IRRELEVANT IS BECAUSE THE EVIDENCE OF CONSENT
10 OR PERMISSION MUST HAVE BEEN GIVEN AT THE TIME OF THE CREATION
11 OF THE DEBT UNDER THE STATUTE.  SO WE DON'T EVEN HAVE THAT KIND
12 OF STUFF.

13          THE COURT:  WELL, LIKE I SAID, WHAT'S THE PROBLEM?  I
14 DON'T THINK THERE IS ONE, IS THERE?

15          MS. HELLER:  YOUR HONOR, I THINK BOTH SIDES CAN SEEK
16 EVIDENCE OF CONSENT FROM THE OTHER.

17          THE COURT:  I THINK THAT'S RIGHT.

18          MS. HELLER:  AND THAT'S ALL WE'RE SAYING, THAT WE'RE
19 SEEKING TO MOVE FORWARD ON THAT BASIS.

20          MR. TURNER:  AND WE'VE ALREADY PRODUCED, YOUR HONOR --
21 WE'VE RESPONDED TO THEIR DISCOVERY REQUEST AND WE'VE PRODUCED
22 WHAT WE HAVE.

23          THE COURT:  WHICH IS AS TO MS. BARTLETT?

24          MR. TURNER:  YES.

25          MR. HILL:  THE NAMED PLAINTIFF.

1    MR. TURNER:  BECAUSE ONE OF THE CHARACTERISTICS HERE,
2 YOUR HONOR, THE DEFENDANT IS A LARGE PUBLICLY-TRADED COMPANY.
3 MAJOR SHAREHOLDERS ARE HEDGE FUNDS AND WALL STREET PRIVATE
4 EQUITY FUNDS, AND IT BUYS -- IT BUYS DEFAULTED DEBT.  SOMETIMES
5 IT'S 10, 15 YEARS OLD, AND IT BUYS IT, ACCORDING TO THEIR S.E.C.
6 FILINGS, FOR ABOUT THREE CENTS ON THE DOLLAR AND THEN TRIES TO
7 COLLECT FROM THAT.  AND WHAT HAS GOTTEN IT IN TROUBLE HERE IS
8 THAT IT'S USING -- IT DOES A SKIP TRACE AND GETS CELLULAR
9 TELEPHONE NUMBERS, IN MOST CASES WHICH WEREN'T EVEN IN EXISTENCE
10 BACK WHEN THE DEBT WAS FIRST INCURRED TEN OR 15 YEARS AGO, AND
11 CALLS THOSE NUMBERS WITHOUT PRIOR EXPRESSED PERMISSION.  AND
12 THAT'S THE CLASS AND THAT'S WHAT THE CASE IS ABOUT.  AND I'M
13 VERY PLEASED TO HEAR LISA DEFINING TODAY BECAUSE I HADN'T HEARD
14 BEFORE THAT IT WAS -- THAT YOU WERE GETTING IT TO SOMETHING THAT
15 NARROW.  AND IF THAT'S WHAT IT'S ABOUT, WE'VE ALREADY PRODUCED
16 WHAT WE HAVE, AND THEY HAVE -- THEY'VE BOUGHT THE DEBT, SO
17 PRESUMABLY THEY HAVE THE BUSINESS RECORDS.
18    THE COURT:  WHICH BUSINESS RECORDS?
19    MR. TURNER:  THE BUSINESS RECORDS --
20    THE COURT:  THE BUSINESS RECORDS WITH REFERENCE TO
21 WHO?
22    MR. TURNER:  WHEN THEY GO OUT -- WHEN A COMPANY LIKE
23 P.R.A., YOUR HONOR -- AND THERE ARE SEVERAL OF THEM
24 NATIONALLY -- GO OUT AND BUY A PORTFOLIO FROM CHASE MANHATTAN,
25 DEFAULTED PORTFOLIO, OR WHOMEVER IT MIGHT BE, AND THEY BUY IT,

1 THEY TAKE AN ASSIGNMENT OF EVERYTHING.  AND, OF COURSE, THEY'RE

2 SUPPOSED TO GET THE RECORDS THAT GO ALONG WITH THAT BECAUSE

3 THEY'VE IN ESSENCE BECOME A CREDITOR -- A SUCCESSOR CREDITOR.

4          THE COURT:  HAVE YOU ASKED FOR THEIR EVIDENCE OF

5 CONSENT, THEIR DOCUMENTS OR WHATEVER?

6          MR. TURNER:  AS A MATTER OF FACT, WE WERE JUST

7 DISCUSSING THAT WITH LISA.  OUR WRITTEN DISCOVERY REQUESTS ARE

8 OUTSTANDING AND THEY'RE DUE ON THE 17TH OF THIS MONTH, YOUR

9 HONOR, AND, YES, THAT'S CONTAINED IN THERE.

10         THE COURT:  AND IN THOSE WHAT TRANSACTIONS DID YOU ASK

11 THEM ABOUT?

12         MR. TURNER:  WHAT WE'RE ASKING THEM ABOUT, YOUR

13 HONOR --

14         THE COURT:  YOU WANT TO KNOW ABOUT CONSENT, BUT WHAT

15 I'M TRYING TO FIND OUT IS AS TO WHAT TRANSACTIONS, THE WHOLE

16 UNIVERSE, THE WHOLE CLASS, ONE PERSON?

17         MR. TURNER:  THE CLASS SPECIFICALLY EXCLUDES ANYONE

18 WHERE THEY CAN PROVE -- WHERE THE DEFENDANT CAN PROVE PRIOR

19 EXPRESSED CONSENT.

20         THE COURT:  I UNDERSTAND THAT THAT'S YOUR CONTENTION.

21 MY QUESTION IS, WHAT TRANSACTIONS HAVE YOU ASKED THEM TO

22 PRODUCE?

23         MR. TURNER:  WELL, WE'VE ASKED -- I'M SORRY, GO AHEAD.

24 SIR.

25         MR. HILL:  WHAT WE'VE ASKED FOR IS THEM TO PRODUCE ANY

1  EVIDENCE OR INFORMATION THAT THEY HAVE EVIDENCING ANY PRIOR
2  EXPRESSED PERMISSION OR CONSENT BY ANY POTENTIAL CLASS MEMBER,
3  AND THAT WOULD BE EXACTLY WHAT LISA WAS JUST DESCRIBING, THAT
4  WAMU CONTRACT, THE WASHINGTON MUTUAL CONTRACT, WHERE AT THE
5  CREATION OF THE TIME -- AT THE TIME OF THE CREATION OF THE DEBT
6  THERE WAS A SIGNED CONTRACT SAYING, YES, YOU MAY CALL MY CELL
7  PHONE.  THAT'S EXACTLY WHAT WE'RE LOOKING FOR, THAT KIND OF
8  DOCUMENT.  IF THEY'VE GOT THOSE, THEY CAN PRODUCE THEM.
9          MR. TURNER:  AND THAT'S A CLASS-WIDE QUESTION, YOUR
10 HONOR.
11         MS. HELLER:  AND, YOUR HONOR, ALL WE'VE ASKED FOR IN
12 RESPONSE IS IF YOU HAVE ONE OF THOSE, MS. BARTLETT --
13         MR. TURNER:  AND WE'VE ALREADY RESPONDED.
14         MS. HELLER:  -- THAT YOU WOULD PRODUCE IT AS WELL.
15 THAT'S -- I HONESTLY DON'T KNOW WHY WE'RE HERE BECAUSE IT SEEMS
16 LIKE ONCE WE GOT HERE, BOTH PARTIES ARE AGREEING --
17         THE COURT:  I SEE STORM CLOUDS.  I DIDN'T CALL THIS
18 MEETING, BUT I SEE STORM CLOUDS.
19         MR. HILL:  HE'S BEEN AROUND THE BLOCK.
20         THE COURT:  YOU ASKED THEM FOR MS. BARTLETT'S EVIDENCE
21 OF CONSENT --
22         MS. HELLER:  CORRECT.
23         THE COURT:  -- OR LACK OF.  THEY'VE ASKED YOU FOR THE
24 POSSIBLE CONSENT OF EVERYBODY UNDER THE SUN.
25         MR. HILL:  ONLY IN GEORGIA.

1     MR. TURNER: ONLY IN GEORGIA. IT'S NOT NATIONWIDE,
2  YOUR HONOR.
3     MS. HELLER: THIS IS A GEORGIA CLASS.
4     THE COURT: OH.
5     MS. HELLER: AND WHAT THEY DID, YOUR HONOR, IS WE TRY
6  TO CREATE PARAMETERS OF THE KINDS OF INFORMATION THAT THEY WOULD
7  NEED AND HOW WE WOULD PRODUCE IT. WE HAVE WORKED TOGETHER TO
8  TRY AND CREATE ESSENTIALLY WHAT THEY WOULD NEED IN AN EXCEL
9  SPREADSHEET AND THEN THE BACK-UP DOCUMENTATION FOLLOWING THAT.
10 SO THAT -- FROM WHAT THE DEFENDANTS ARE GOING TO PRODUCE TO THE
11 PLAINTIFF HAS BEEN A RELATIVELY COOPERATIVE AND SURPRISINGLY
12 STORM-CLOUD FREE ENDEAVOR. I CAN'T PROMISE YOU THAT IT WILL
13 STAY THAT WAY, BUT WE LITERALLY JUST HAD A CONVERSATION -- WE
14 LITERALLY JUST HAD A CONVERSATION THAT I WAS GOING TO CHECK ON
15 THE STATUS AND I WAS GOING TO GET BACK TO THEM, AND WE WERE
16 GOING TO WORK TOGETHER TO FIGURE OUT WHEN THE 30(B)6 DEPOSITION
17 WOULD BE MOST APPROPRIATE AS WE PULL THOSE DOCUMENTS IN.
18     THE COURT: OKAY. WELL, I TAKE IT BACK. MAYBE THERE
19 ARE NO STORM CLOUDS. WHAT OTHER PROBLEMS DO YOU ALL FORESEE?
20     MR. HILL: FORTUNATELY, JUDGE, HENRY AND I HAVE WORKED
21 ON ANOTHER CLASS ACTION T.C.P.A. CASE WITH LISA AT ROBINS
22 KAPLAN, SO WE KNOW EACH OTHER REASONABLY WELL. WE SEE THE STORM
23 CLOUDS OCCASIONALLY.
24     MS. HELLER: OTHER THAN DISAGREEING WITH MR. TURNER'S
25 CHARACTERIZATION OF THE FACTS AND THE EVIDENCE, BUT WHICH WE'LL

```
 1  GET TO CLASS CERT, I THINK WE'RE STORM-CLOUD FREE RIGHT NOW.
 2           MR. TURNER:  LISA, YOU NEVER FAIL ME.
 3           MR. HILL:  WE'LL FIGHT ABOUT THE STUFF THAT MATTERS.
 4           MR. TURNER:  BUT, YOUR HONOR, WE WOULD JUST REINFORCE
 5  FROM THE PLAINTIFF'S STANDPOINT WHAT YOUR HONOR OUTLINED IN THE
 6  AT&T CELLULAR ORDER OF JUNE OF LAST YEAR.  THE ELEMENTS, THE
 7  STATUTORY ELEMENTS THAT HAVE TO BE PROVEN ARE EXACTLY WHAT THEY
 8  ARE IN THIS CASE.
 9           THE COURT:  OKAY.  WHERE IS THE CASE YOU WORKED WITH
10  LISA ON IN THE PAST?  WHERE IS IT PENDING?
11           MS. HELLER:  IT'S RESOLVED.
12           MR. HILL:  WE RESOLVED IT.
13           MS. HELLER:  IT WAS IN NORTHERN DISTRICT OF GEORGIA,
14  ROME DIVISION, IN FRONT OF JUDGE VINING.  IT WAS A BLAST FACTS
15  CASE.
16           MR. HILL:  SAME STATUTE.
17           MS. HELLER:  WE HAD MOTIONS FOR CLASS CERTIFICATION
18  PENDING.  PARTIES ENTERED INTO A TWO-DAY MEDIATION, WERE ABLE TO
19  RESOLVE IT, AND A SETTLEMENT CLASS WAS APPROVED.
20           MS. HILL:  ALSO MOTIONS FOR -- FOR SUMMARY JUDGMENT
21  WERE ALSO PENDING AS WELL.
22           THE COURT:  MY QUESTION TO YOU IS WOULD EARLY
23  MEDIATION IN THIS CASE BE A GOOD IDEA?
24           MS. HELLER:  WHAT I WOULD SAY TO THE COURT IS I THINK
25  WE -- THE PARTIES NEED TO UNDERSTAND THEIR POSITIONS A LITTLE
```

```
 1   BIT BETTER.  I THINK PLAINTIFFS NEED TO UNDERSTAND THE FACTS OF
 2   THE TECHNOLOGY A LITTLE BIT BETTER, WHICH WE'LL GET DURING
 3   DISCOVERY.  IT MAY BE THAT TWO OR THREE MONTHS FROM NOW AN EARLY
 4   MEDIATION MIGHT BE A GREAT IDEA.
 5            MR. TURNER:  AND I WOULD CONCUR WITH THAT, YOUR HONOR,
 6   THAT RIGHT NOW WE'RE IN THE MIDST OF DISCOVERY, AND MORE ON THE
 7   FRONT END THAN THE BACK END, BUT WE'RE MOVING THAT ALONG.  THE
 8   PARTIES ARE COOPERATING WITH EACH OTHER ON THIS.  AND I THINK
 9   ONCE WE GET THE WRITTEN DISCOVERY BACK, WHICH IS DUE ON THE
10   17TH, EVEN THOUGH THAT MIGHT GET MOVED FORWARD A LITTLE BIT, AND
11   WE GET THE 30(B)6 DEPOSITION DONE -- WE'VE ALREADY RESPONDED TO
12   THE WRITTEN DISCOVERY FROM THE DEFENDANTS.
13            THE COURT:  PRESUMABLY THAT WASN'T A HEAVY BURDEN FOR
14   YOU AND THE ONE CLIENT.
15            MR. HILL:  THAT'S THE ADVANTAGE OF CLASS ACTION FROM
16   THIS SIDE.
17            MR. TURNER:  BUT, YES, AN EARLY MEDIATION, AND I AGREE
18   WITH LISA, AT THAT POINT AN EARLY MEDIATION, VOLUNTARY
19   MEDIATION, I THINK, WOULD BE IN ORDER.  AND IN FACT I WOULD
20   SUGGEST -- AND I HAVEN'T SPOKEN WITH LISA ABOUT THIS -- THAT WE
21   COULD POTENTIALLY LOOK AT USING THE SAME TEAM THAT WE USED
22   BEFORE.  BECAUSE I THINK WE PUT TOGETHER AN OUTSTANDING --
23   OUTSTANDING GROUP OF MEDIATORS.  WE HAD RICHARD SINKFIELD ON ONE
24   SIDE, BUT THEN WE ALL RECOGNIZED THAT WE NEEDED SOMEBODY WHO WAS
25   A T.C.P.A. EXPERT.  RICHARD, OF COURSE, FABULOUS ATTORNEY, GREAT
```

1   MEDIATOR, BUT WE NEEDED SOMEBODY WHO HAD BEEN RIGHT DOWN THERE
2   IN THE TRENCHES IN T.C.P.A., SO WE AGREED UPON FRANK
3   LOWERY (PHONETIC) FROM THE BONDURANT LAW FIRM, AND HE IS VERY
4   KNOWLEDGEABLE ON T.C.P.A.  AND THE TWO -- LISA, I THINK YOU'D
5   AGREE WITH ME ON THIS -- THE TWO MADE ONE HECK OF A COMBINATION.
6             THE COURT:  LISA DOESN'T KNOW IT, BUT SHE'S SITTING IN
7   THE RICHARD SINKFIELD MEMORIAL CHAIR.  I HAD THE FULTON COUNTY
8   JAIL UNDER SUPERVISION FOR TEN YEARS, AND WE HAD A LOT OF
9   GET-TOGETHERS TO TALK ABOUT WHY WE WEREN'T GOING TO HOLD THE
10  SHERIFF IN CONTEMPT.  RICHARD SAT IN THAT CHAIR EVERY TIME WE --
11            (LAUGHTER.)
12            MR. TURNER:  SMALL WORLD.
13            MS. HELLER:  WELL, I'LL HAVE TO LET HIM KNOW I HAD THE
14  HONOR.
15            THE COURT:  WELL, HOW ABOUT MID-SEPTEMBER TO CHECK
16  BACK AND TELL ME WHAT YOU'RE DOING?
17            MR. TURNER:  OKAY.
18            THE COURT:  IF THE 15TH ISN'T A WORK DAY -- I MEAN,
19  ISN'T A HOLIDAY OR A WEEKEND, LET'S JUST ENTER A MINUTE ORDER
20  THAT SAYS THEY'RE TO REPORT BACK TO THE COURT ON THE
21  DESIRABILITY OF MEDIATION ON THAT DATE.
22       ANYTHING ELSE WE CAN DO?
23            MR. TURNER:  VERY GOOD, YOUR HONOR.
24            MS. HELLER:  THAT'S IT, YOUR HONOR.
25            MR. HILL:  DO YOU WANT ANY FRIES WITH THAT?

```
1            THE COURT:  WE'RE OFF THE RECORD.
2                 (OFF-THE-RECORD DISCUSSION.)
3            THE COURT:  ALL RIGHT.  THANK YOU FOR COMING.
4                 (PROCEEDINGS ADJOURNED.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF GEORGIA

    I, MONTRELL VANN, CCR, CSR, RPR, RMR, CRR, OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA, DO HEREBY CERTIFY THAT THE FOREGOING 15 PAGES CONSTITUTE A TRUE TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE SAID COURT, HELD IN THE CITY OF ATLANTA, GEORGIA, IN THE MATTER THEREIN STATED.

    IN TESTIMONY WHEREOF, I HEREUNTO SET MY HAND ON THIS, THE 16TH DAY OF AUGUST 2011.

    _____
    MONTRELL VANN, CCR,CSR,RPR,RMR,CRR
    OFFICIAL COURT REPORTER
    UNITED STATES DISTRICT COURT