# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KIMBERLY BARTLETT on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendant.

**CASE NO.**

**1:11-CV-0624-JOF**

**CLASS ACTION**

**PLAINTIFF KIMBERLY BARTLETT'S REPLY BRIEF IN FURTHER
SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff

Kimberly Bartlett ("Plaintiff" or "Bartlett") hereby files her Plaintiff Kimberly

Bartlett's Reply Brief In Further Support of Her Motion for Summary Judgment

(hereinafter "Plaintiff's Reply") and in response to Defendant Portfolio Recovery

Associates, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for

Summary Judgment[1], respectfully showing the Court as follows.

---

[1] For whatever reason, Defendant filed its Defendant Portfolio Recovery
Associates, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for
Summary Judgment and its Cross-Motion for Summary Judgment as one
document. Plaintiff's response to Defendant's Cross-Motion for Summary
Judgment will be filed as a separate document.

## I.  INTRODUCTION

1.

On August 31, 2011, Plaintiff filed her <u>Motion for Summary Judgment</u> (hereinafter "Plaintiff's MSJ": Dkt. No. 74).

2.

On September 28, 2011, Portfolio Recovery Associates, LLC (hereinafter "PRA" or "Defendant") filed <u>Defendant Portfolio Recovery Associates, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of its Cross-Motion for Summary Judgment</u> (hereinafter "Defendant's Response": Dkt. No. 84-2).

3.

As further discussed below, Defendant's Response mischaracterizes not only pertinent facts of this case but also controlling legal authority.

## II.  ARGUMENT AND CITATION OF AUTHORITY

Defendant's Response advances the following four (4) arguments relative to Plaintiff's MSJ :[2]

---

[2] Plaintiff has filed her <u>Bartlett's Response And Opposition To Portfolio Recovery Associates, LLC's Cross Motion For Summary Judgment</u> ("Bartlett's Response": Dkt. No. 89).  Since that filing covers some of the same issues discussed herein, this Plaintiff's Reply will incorporate Bartlett's Response where appropriate.

➢ Plaintiff is not entitled to summary judgment on the issue of consent;

➢ PRA's dialers do not qualify as "automatic telephone dialing systems" under the Telephone Consumer Protection Act ("TCPA");

➢ Plaintiff is not a member of the proposed class and cannot demonstrate injury; and

➢ Applying the TCPA to PRA in the manner suggested by Plaintiff would violate the Fifth Amendment.

Plaintiff will now address each of these arguments in the sequence presented above.

1.      Cellular Telephone Numbers Derived Through Skip Tracing Do Not And Cannot Meet TCPA Requirements For Prior Express Consent

As set forth in Plaintiff Kimberly Bartlett's Memorandum of Law In Support Of Her Motion For Summary Judgment (Dkt. No. 74-5 ), Defendant PRA produced in discovery a compact disc Bates Numbered PRAKB0000002 which contains 94,005 Excel spreadsheet rows of information representing a total of 483,275 "connected" calls made by PRA to the putative Class. *Id.* at Page 10. Defendant has admitted *In Judicio* that *all* 483,275 calls were made to Cellular Telephone numbers within the State of Georgia, and *all* said Cellular Telephone numbers were derived by PRA through utilizing Skip Tracing procedures. [Dkt. 71-1, pp. 16-18].

As discussed at length in Bartlett's Response (Dkt. No. 89 at pp. 2-4), by

3

definition Cellular Telephone numbers that have been derived through Skip

Tracing, and subsequently called by PRA, cannot meet the Federal

Communications Commission's ("FCC") requirements for Prior Express Consent.

No matter what may be potentially lurking in purported documentation within the

control of third parties or otherwise, PRA has admitted *In Judicio* that the Cellular

Telephone numbers used to call the Plaintiff and putative Class Members during

the Class Period were all derived from Skip Tracing. These Cellular Telephone

numbers as a matter of law cannot, and do not, meet the express TCPA

requirements for Prior Express Consent. [*See* Dkt. No. 89 at pp. 2-4]. Even

assuming *arguendo* that the documentation underlying these purported debts

contains "Boiler Plate" language concerning consent, such "Boiler Plate" language

cannot, and does not, meet the explicit requirements of FCC 2008 Order at ¶ 10 for

Prior Express Consent.

     Based upon the foregoing, Plaintiff is entitled to summary judgment on the

issue of consent.

     2.    PRA's Avaya Predictive Dialers Are Automatic Telephone Dialing
             Systems ("ATDS") Within The Meaning Of The TCPA

     Defendant's Response argues vigorously that PRA's Avaya Predictive

Dialers are not Automatic Telephone Dialing Systems as defined by the FCC.

[Dkt. 84-2, Page 12]. It should be noted that PRA does not deny that it used the

4

Avaya  Predictive Dialers to call Plaintiff and the putative Class Members.

As set forth at length in Bartlett's Response (Dkt. No. 89 at pp. 7-9), and incorporated herein by reference, Avaya  Predictive Dialers are indisputably Automatic Telephone Dialing Systems as defined by the FCC. Consequently, PRA's Avaya  Predictive Dialers, as used to call Plaintiff and the putative Class Members, come within the ambit of the TCPA. Further in another TCPA case against PRA, captioned *Meyer et al. v. Portfolio Recovery Associates, LLC,* Case No. 11cv1008 (S.D. Cal.) the Court has entered a Order Granting Preliminary Injunction and Conditional Class Certification (the "Meyer Order"). A copy of the Meyer Order has been placed on record in the case *sub judice* as Dkt. No. 80. The Meyer Order held *inter-alia* that the same Avaya Predictive Dialers at issue here were in fact Automatic Telephone Dialing Systems as defined by the FCC. [Dk. No. 80; Meyer Order at Page 10].

Based upon the foregoing, Plaintiff is entitled to summary judgment on the issue of PRA's use of Automatic Telephone Dialing Systems to place the calls to the Cellular Telephones of  Plaintiff and the putative Class .

3.      Plaintiff Clearly Has Standing

Defendant's Response attempts to argue that Plaintiff Kimberly Bartlett does not have Standing. [Dkt. 84-2, Section  III beginning at Page 16]. As thoroughly

5

analyzed in Bartlett's Response (Dkt. No. 89 at pp. 9-11), this argument is baseless.

> A.   A Separate Charge To Plaintiff's Cellular  Telephone Bill
>       Is Not A Prerequisite For Standing Under The TCPA

It is well settled that Plaintiff need not be separately charged for PRA calls

to her Cellular Telephone in order to have suffered an injury and have Standing.

Defendant's Response asserts that "..PRA did not increase the amount of

Plaintiff's bill." [Dkt. 84-2, Page 4]. Defendant appears to be implicitly referring to

47 U.S.C. § 227(b)(1)(A)(iii), which states in pertinent part:

***

"[t]o any telephone number assigned to a paging service, cellular telephone
service, specialized mobile radio service, or other radio common carrier service, *or*
any service for which the called party is charged for the call." [Emphasis added].

***

for the proposition that Plaintiff must incur a specific charge for the PRA calls in

order to come under the TCPA. Courts have routinely held against this argument.

In *Gutierrez v. Barclays Group*, 2011 WL 579238 (S.D. Cal. Feb. 9, 2011), the

Court articulated:

***

"The doctrine of last antecedent states "'a limiting clause or phrase ... should

ordinarily be read as modifying only the noun or phrase that it immediately

follows.'" *United States v. Hayes*, ___ U.S.___, 129 S.Ct. 1079, 1086 (2009)

(quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). ***Following this doctrine,***

6

**the phrase "for which the called party is charged for the call" modifies only "any service," not the preceding sections of the statute**. Thus, based on this Court's reading of the statute, Plaintiffs need not show that they were charged for the calls or text messages to their cellular phones to prevail on their TCPA claims." *Id.* at Page 8. [Emphasis added].

***

*Accord Lozono et al. v. Twentieth Century Fox Film Corp. et al.*, 702 F.Supp.2d 999, 1010 (N.D. Ill 2010) holding: "The Court therefore finds that the plain language of the TCPA does not require Plaintiff to allege that he was charged for the relevant call at issue in order to state a claim pursuant to § 227."; *also Mitchem et al. v. Illinois Collection Service*, No. 09 C 7274 [Dkt. No. 62 ] (N.D. Ill. 2010) holding: " The TCPA does not require plaintiff to allege that he was charged for individual collection calls to state a claim."

B.      The TCPA Statutory Damages Are Not Disproportional

Defendant's Response argues that: "The manner in which Plaintiff seeks to apply the TCPA creates an unconstitutionally disproportionate claim—utterly disconnected with any alleged injury or damage." [Dkt. 84-2, Page 17]. Defendant does not, and cannot, cite any controlling authority for this argument. In fact, Courts have regularly held that the TCPA damage provision is not

disproportionate. *See e.g. Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1167 (S.D. Indiana 1997); *State of Texas v. American Blast Fax, Inc.*, No. A 00 CA 085 SS (W.D. Texas, October 5, 2000).

Under the TCPA, the statutory remedy need not be proportional to the plaintiff's own injury since "Congress may choose an amount that reflects the injury to the public as well as to the individual." *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 777 (N.D. Ill. 2008) (citing favorably *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66 (1919)).

In *Kenro, Inc. v. Fax Daily, Inc.,* 962 F. Supp. at 1165, the court found that "[t]he fact that the TCPA establishes as a remedy a damages award of $500, even when actual monetary damage is less than $500, does not itself make the award excessive and unreasonable." The penalty fashioned by Congress was not aimed at compensating plaintiffs for the actual cost of fax paper and toner; the remedy was fashioned to take into account "the difficult to quantify business interruption costs imposed upon recipients of unsolicited fax advertisements, effectively deter the unscrupulous practice of shifting these costs to unwitting recipients of 'junk faxes,' and 'provide adequate incentive for an individual plaintiff to bring suit on his own behalf.' " *Id.* at 1166.

The TCPA's $500 penalty "when measured against the overall harms of

unsolicited fax advertising and the public interest in deterring such conduct, is not 'so severe and oppressive as to be wholly disproportioned to the offense or obviously unreasonable.' " *State of Texas v. American Blast Fax, Inc.,* 121 F. Supp. 2d at 1091 (W.D. Tex. 2000). As recently noted by the Northern District of Illinois, "the Due Process clause of the 5th Amendment does not impose upon Congress an obligation to make illegal behavior affordable ..." *Phillips Randolph* Enterprises, LLC v. Fields, 2007 U.S. Dist. LEXIS 3027, *9 (N.D. Ill. Jan. 11, 2007) at *7-8.

Based upon the foregoing, Defendant's call charge and disproportionate damages arguments are without merit. Plaintiff Bartlett has standing.

4.    The TCPA Does Not Violate The
      Fifth Amendment Of The U.S. Constitution

Defendant's Response brazenly asserts that: "Applying the TCPA to PRA under the circumstances of this case would violate PRA's Due Process rights under the Fifth Amendment of the Constitution." [Dkt. 84-2, Page 24]. As set forth below, and in Plaintiff 's Response (Dkt. No. 89 at pp. 21-23), this argument is unavailing.

A.    The TCPA Does Not Violate Due Process

In a TCPA case captioned *Kramer et al. v. Autobytel, Inc.et al.,* 10-cv-02722 (N.D. CA. 2010), the Court unambiguously held:

9

***

"The Due Process Clause of the Fifth Amendment requires that individuals be given fair notice of what the law requires, so that they may conform their conduct accordingly. United States v. Williams, 553 U.S. 285, 304 (2008). A law is unconstitutionally vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." Id. Even when a law restricts constitutionally protected activity, such as free expression, "perfect clarity and precise guidance have never been required[.]" Id.; Ward v. Rock Against Racism, 491 U.S. 781, 794 (1989). A statute's vagueness is assessed "as applied to the particular facts at issue[.]" Holder v. Humanitarian Law Project, ___ U.S. ___; 130 S. Ct. 2705, 2718-19 (2010)." Id. at Page 5

Further:

" What renders a statute vague is not the possibility that it will sometimes be difficult to determine whether the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely what that fact is. For these reasons, Defendants' constitutional challenge is without merit." Id. at Page 10.

***

Additionally, the United States Department of Justice intervened in *Kramer*

10

and filed a Brief in support of the fact that the TCPA is constitutional under

*inter-alia* the Fifth Amendment. [*Kramer* Dkt. No. 98].

      B.    TCPA Statutory Damages Are Remedial And Not Penal Or
              Punitive

The TCPA is a remedial statute. *see e.g.*, *Hooters of Augusta, Inc. v. Am.*

*Global Ins. Co.*, 272 F. Supp. 2d 1365, 1376 (S.D. Ga. 2003); *Mut. Ins. Co. v.*

*Dandy-Jim, Inc.*, 2009-Ohio-22708, 6 (Ohio Ct. App. 2009). The purpose of

statutory damages is to "liquidate uncertain actual damages and to encourage

victims to bring suit to redress violations." *Universal Underwriters Ins. Co. v. Lou*

*Fusz Auto. Network, Inc.*, 300 F. Supp. 2d 888, 893 (E.D. Mo. 2004), *aff'd*, 401

F.3d 876 (8th Cir. 2005).

The TCPA is held to be a remedial and not a penal statute. *Hooters of*

*Augusta, Inc. v. Am. Global Ins. Co.*, 272 F. Supp. 2d 1365 (S.D. Ga. 2003); *aff'd*,

157 F. App'x 201 (11th Cir. 2005). "[t]he TCPA's $500 statutory damages

provision is not punitive." *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th

Cir. 2008);  *accord Alea London Limited v. American Home Services, Inc., A.K.A.*

*A.H.S., Inc,* No. 10-11644, (11th Cir. 04/13/2011).

      (i)    TCPA Treble Damages Are Not Punitive

"Further, the Georgia courts have rejected the claim that treble damages are

in every case the substantial equivalent of punitive damages." *Id.* favorably citing

11

*Williams Gen. Corp. v. Stone*, 279 Ga. 428, 429-30 (2005) and *Colonial Lincoln-Mercury Sales, Inc. v. Molina*, 152 Ga. App. 379, 382 (1979).

"Further, the TCPA's statutory language directly links the base compensatory damages in subparagraph B (either actual monetary loss or $500, whichever is greater) to the treble damages when it says that "the court may . . . increase the amount . . . to not more than 3 times the amount available under subparagraph (B)." 47 U.S.C. § 227(b)(3). In other words, the statute allows the court to "increase" the compensatory award by up to three times. Id. The statute does not require a trebling, but permits an increase up to three times. The statute also caps damages at up to three times the § 227(b)(3)(B) compensatory amount. Classic punitive damages . . . leave the jury with open-ended discretion over the amount of the damage award; treble damages under the TCPA limit the court to trebling the amount of the compensatory award." *Alea London Limited v. American Home Services, Inc., A.K.A. A.H.S., Inc,* No. 10-11644, (11th Cir. 04/13/2011).

Based upon the foregoing, Defendant's Fifth Amendment argument is without merit.

### III.   <u>CONCLUSION</u>

For the reasons set forth herein, and in Plaintiff's Motion for Summary Judgment, Plaintiff, for herself and the Class, moves this Honorable Court for an

order entering Summary Judgment in favor of the Plaintiffs and against PRA on

Counts 1 and 2 of the Second Amended Complaint.

This 12th day of October, 2011.

Respectfully submitted,


By:   /s/ Henry A. Turner
                 Henry A. Turner
                 Georgia Bar No. 719310

TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 261-7787
Facsimile:   (404)-377-1053
hturner@tloffices.com               Lead Counsel for Plaintiff


By:   /s/ Samuel M. Hill
                 Samuel M. Hill
                 Admitted *Pro Hac Vice*

THE LAW OFFICES OF SAM HILL, LLC
265 RIVERCHASE PARKWAY EAST, SUITE 202
HOOVER, AL 35244
TELEPHONE (205) 985-5099
FACSIMILE (205) 985-5093
SAM@SAMHILLLAWOFCS.COM       Co-Counsel for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KIMBERLY BARTLETT on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | **CASE NO.**<br><br>**1:11-CV-0624-JOF**<br><br><br>**CLASS ACTION** |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D of the Local Rules for the United States District

Court for the Northern District of Georgia, I hereby certify that the foregoing

<u>Plaintiff Kimberly Bartlett's Reply Brief In Further Support of Her Motion for</u>

<u>Summary Judgment</u> in the above-captioned case has been prepared in Times New

Roman, 14 point font, as permitted by Local Rule 5.1B.

By: <u>  /s/ Henry A. Turner  </u>
        Henry A. Turner
        Georgia Bar No. 719310

TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 261-7787                Lead Counsel for Plaintiff

14

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

KIMBERLY BARTLETT on behalf of herself
and all others similarly situated,

       Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

       Defendant.

**CASE NO.**

**1:11-CV-0624-JOF**

**CLASS ACTION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the within and foregoing

<u>Plaintiff Kimberly Bartlett's Reply Brief In Further Support of Her Motion for</u>

<u>Summary Judgment</u> in the above-captioned case with the Clerk of the Court using

the CM/ECF system, which will automatically send e-mail notification of such

filing to the following attorneys of record:

**Christopher W. Madel** <u>cwmadel@rkmc.com</u>

**Barry M. Landy** <u>bmlandy@rkmc.com</u>

**Denise S. Rahne** <u>DSRahne@rkmc.com</u>

**Jennifer M. Robbins** <u>jmrobbins@rkmc.com</u>

**Lisa L. Heller**   llheller@rkmc.com; tljones@rkmc.com

This 12th day of October, 2011.


By:   /s/ Henry A. Turner
      Henry A. Turner
      Georgia Bar No. 719310

TURNER LAW OFFICES, LLC
403 W. Ponce de Leon Avenue
Suite 207
Decatur, Georgia 30030
Telephone: (404) 261-7787
hturner@tloffices.com          Lead Counsel for Plaintiff

16