# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY BARTLETT on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>　　　　　Defendant. | CASE NO.<br><br>1:11-CV-0624-JOF<br><br>CLASS ACTION |

**Defendant Portfolio Recovery Associates, LLC's
Reply Memorandum of Law in Support of its Cross-Motion for
Summary Judgment**

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Christopher W. Madel (MN #230297)
Lisa L. Heller (GA # 344109)
Denise S. Rahne (MN #331314)
Jennifer M. Robbins (MN #387745)
Barry M. Landy (MN #391307)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

*Attorneys for Defendant
Portfolio Recovery Associates, LLC*

## TABLE OF CONTENTS

                                                                            **Page**

Introduction .................................................................................................. 1

Argument ..................................................................................................... 2

    I.     Plaintiff cannot demonstrate liability under the TCPA ........... 2

          A.     Plaintiff has presented no evidence regarding the functionality of PRA's dialers ........................................... 2

          B.     Plaintiff's prayer that this Court ignore the TCPA's definition of "ATDS" and look to the FCC's interpretation is baseless ........................................ 4

          C.     Plaintiff's reliance on the FCC Order is improper ......... 5

                1.     The FCC's delegated authority does not include the power to interpret the definition of "ATDS." ............................................... 5

                2.     The Hobbs Act has no impact on this Court's authority to give effect to the plain language of the TCPA ............................................. 6

          D.     The Court need not look to the issue of consent to grant PRA's Cross-Motion for Summary Judgment .................................................................... 8

    II.    Plaintiff has demonstrated neither injury nor standing ........... 9

          A.     There is no evidence that Plaintiff has suffered injury in fact or that causation exists .............................. 9

          B.     In light of the lack of an injury, Plaintiff's sought damages are constitutionally disproportionate ........... 11

Conclusion................................................................................................ 12

## TABLE OF AUTHORITIES

Page

**Cases**

*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*,
 467 U.S. 837 (1984) .................................................................................. 4

*FCC v. ITT World Communications, Inc.*,
 466 U.S. 463 (1984) .................................................................................. 7

*Gutierrez v. Barclays Group*,
 No. 10cv1012, 2011 U.S. Dist. LEXIS 12546
 (S.D. Cal. Feb. 9, 2011) ............................................................................ 10

*LeBlanc v. Unifund CCR Partners*,
 601 F.3d 1185 (11th Cir. 2010) ................................................................. 2

*London v. Wal-Mart Stores, Inc.*,
 340 F.3d 1246 (11th Cir. 2003) ................................................................ 12

*Lozano v. Twentieth Century Fox Film Corp.*,
 702 F. Supp. 2d 999 (N.D. Ill. 2010) ........................................................ 10

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555 (1992) ................................................................................. 10

*Miller v. FCC*,
 66 F.3d 1140 (11th Cir. 1995) .................................................................. 7

*Mitchem v. Illinois Collection Service, Inc.*,
 09 C 7274, 2010 U.S. Dist. LEXIS 76581 (N.D. Ill. 2010) ...................... 10

*Satterfield v. Simon & Shuster, Inc.*,
 569 F.3d 946 (9th Cir. 2009) ................................................................ 3, 5

*Saunders v. Trattoria*,
 No. CV 07-1060, 2007 U.S. Dist. LEXIS 97193
 (C.D. Cal. Oct. 23, 2007) ......................................................................... 12

# TABLE OF AUTHORITIES
(continued)

**Page**

*United States v. Ne. Commc'ns of Wis., Inc.*,
 608 F. Supp. 2d 1049 (E.D. Wis. 2008) ....................................................... 6

**Statutes**

28 U.S.C. § 1332 ................................................................................................ 6

28 U.S.C. § 2342 ........................................................................................ 6, 7, 8

47 U.S.C. § 227 .................................................................................................. 5

47 U.S.C. § 227(a)(1) ........................................................................................ 5

47 U.S.C. § 227(a)(1)(A) ................................................................................... 2

47 U.S.C. § 227(b)(1)(A)(iii) ............................................................................. 2

47 U.S.C. § 227(b)(2) ........................................................................................ 5

47 U.S.C. § 227(b)(3) ........................................................................................ 6

47 U.S.C. § 402(a) ...................................................................................... 6, 7, 8

**Other Authorities**

137 Cong. Rec. S16204 (daily ed. Nov. 7, 1991) ............................................. 11

Class Action Fairness Act of 2005 .................................................................... 6

Defendant Portfolio Recovery Associates, LLC ("PRA") submits this Reply in support of its Cross-Motion for Summary Judgment.

## Introduction

In her motion for summary judgment, Plaintiff Kimberly Bartlett claimed that she proffered enough evidence to obtain summary judgment that Defendant Portfolio Recovery Associates (PRA) possessed an "automated telephone dialing system" ("ATDS") under the Telephone Consumer Protection Act ("TCPA"). Plaintiff, however, presented nothing—zero evidence—regarding the functionality of PRA's dialers. Indeed, the *only* evidence regarding the ATDS issue before this Court is that provided by PRA, which conclusively demonstrated that PRA does not possess, and never has possessed, an ATDS. In addition, Plaintiff has demonstrated neither injury in fact nor standing. Accordingly, PRA respectfully requests that its Cross-Motion for Summary Judgment be granted, and that Plaintiff's Complaint be dismissed with prejudice.

# Argument

## I. Plaintiff cannot demonstrate liability under the TCPA.

### A. Plaintiff has presented no evidence regarding the functionality of PRA's dialers.

Under the TCPA, it is unlawful to make certain calls—without the called party's consent—to a cellular telephone using an "automatic telephone dialing system" ("ATDS"). *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA explicitly defines an ATDS as equipment which has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator." *Id.* § 227(a)(1)(A).

It is axiomatic that a party requesting summary judgment must proffer evidence to shift the burden to the non-moving party. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010). Here, Plaintiff has proffered *no* evidence—*zero*. Instead, Plaintiff claims that PRA's submitted declaration from Joshua Cherkasly supports Plaintiff's theory of liability. (Plaintiff's Response and Opposition to Defendant's Cross Motion for Summary Judgment ("Pl.'s Resp.") at 7–8.) In particular, Plaintiff claims that the Cherkasly Declaration shows that PRA's dialers have the capacity to dial numbers randomly or sequentially. (*Id.*) But the Cherkasly Declaration says *exactly* the opposite: "PRA's dialers do not have the capacity to produce or store telephone numbers using a random or

sequential number generator. In fact, PRA's dialers have never had this functionality or capacity." (Cherkasly Decl. ¶ 8.) Plaintiff's argument, therefore, boils down to this: if $X$ can be changed to have the capacity to do $Y$, $X$ therefore has the "capacity" to do $Y$. This is nonsense. Plaintiff's argument would mean that a bar with the stated capacity to shelter 100 people actually has the capacity to shelter 100,000 people, because all one needs to do is knock down its walls and expand the bar to shelter those people.

Plaintiff's argument also contradicts the only circuit-court decision that elucidates the requirements of an ATDS. *See Satterfield v. Simon & Shuster, Inc.*, 569 F.3d 946, 950–51 (9th Cir. 2009). There, the Ninth Circuit held that where the plaintiff and the defendant each proffered expert testimony regarding whether the defendant possessed an ATDS, a genuine issue of fact was present that precluded summary judgment. *Id.* at 951. Here, the *only* evidence that any party has presented to this Court regarding whether PRA possesses an ATDS was provided by PRA. Specifically, PRA showed that its dialers do not have the "capacity" to dial randomly or sequentially. (Cherkasly Decl. ¶¶ 1, 8–18.) Furthermore, PRA showed that it makes no sense for PRA to dial telephone numbers randomly or sequentially, as PRA's business involves collecting specific debts from specific people.

In sum, Plaintiff contended that this case is ripe for summary judgment even though she presented no evidence regarding PRA's dialers. Under basic summary-judgment principles, this argument fails. Moreover, without evidence regarding the functionality of PRA's dialers and whether they qualify as ATDSs, Plaintiff cannot show any liability or injury that was caused by a dialing system that uses the functionality specific to an ATDS. In this regard, Plaintiff lacks standing to assert her TCPA claim. PRA is thus entitled to summary judgment.

### B. Plaintiff's prayer that this Court ignore the TCPA's definition of "ATDS" and look to the FCC's interpretation is baseless.

The Supreme Court has held that courts may not look to an agency's interpretation of a statute if "Congress has directly spoken to the precise question at issue," and "[i]f the intent of Congress is clear." *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). Here, Plaintiff does not—and cannot—argue that the TCPA's express definition of "ATDS" is unclear or ambiguous in any way. Yet Plaintiff ignores the clear statutory definition and instead relies entirely on an FCC Order regarding ATDSs. In so doing, Plaintiff ignores—and apparently asks the Court to ignore—the "preeminent canon of statutory interpretation"—that is, to begin with the statutory text and to end

there as well if the statutory text is unambiguous. *Satterfield*, 569 F.3d at 951. Because the TCPA expressly and unambiguously defines the phrase "automatic telephone dialing system," 47 U.S.C. § 227(a)(1), there is no need to look to the FCC's interpretation of the term.

### C. Plaintiff's reliance on the FCC Order is improper.

#### 1. The FCC's delegated authority does not include the power to interpret the definition of "ATDS."

Plaintiff does not dispute that Congress granted the FCC explicit authority to implement the requirements of *only subsection (b)* of the TCPA. 47 U.S.C. § 227(b)(2). Rather, Plaintiff attempts to argue that the FCC is authorized to construe the term "ATDS" because the other TCPA subsections—including the statutory definition of "ATDS" in subsection (a)—are "incorporated" into subsection (b). (Pl.'s Resp. at 20.) Plaintiff's position, if taken to its logical conclusion, would mean that Congress authorized the FCC to implement the requirements of and to interpret the TCPA for 47 U.S.C. § 227 *in its entirety*. Had Congress intended such a result, it could have so stated. But Congress granted the FCC explicit authority to interpret the TCPA *for only a separate subsection*—subsection (b). Under the plain language of the statute, Plaintiff's argument fails.

### 2. The Hobbs Act has no impact on this Court's authority to give effect to the plain language of the TCPA.

Plaintiff's jurisdictional argument regarding the Hobbs Act, 28 U.S.C. § 2342, and 47 U.S.C. § 402(a) is a red herring and does not impact this Court's authority to undergo a statutory-construction analysis and to give effect to the TCPA's plain language.

First, Plaintiff's cited authority regarding the Hobbs Act does not concern the TCPA and is therefore inapposite. The TCPA creates a private right of action that may be brought in state court only. *See* 47 U.S.C. § 227(b)(3). This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 ("CAFA"). In contrast, there is no basis for the appellate courts' jurisdiction to hear causes of action arising out of the TCPA's private right of action. Consequently, this Court's consideration of all of PRA's defenses does not present any danger of treading on the appellate courts' exclusive jurisdiction under the Hobbs Act. *See United States v. Ne. Commc'ns of Wis., Inc.*, 608 F. Supp. 2d 1049, 1054 (E.D. Wis. 2008) (holding "the fact that district courts have exclusive jurisdiction over unpaid forfeitures . . . means that there is no danger of treading on the appellate courts' exclusive jurisdiction under § 402(a) because the appellate courts have no jurisdiction to hear such actions. There is, in other words, no conflict.").

Second, this Court has jurisdiction to consider all of PRA's defenses because PRA has not initiated a Hobbs-Act suit—a "proceeding to enjoin, set aside, annul, or suspend" or "to determine the validity of" any FCC Order. *See* 28 U.S.C. § 2342; 47 U.S.C. § 402(a). Rather, PRA's defenses are directed towards Plaintiff's misguided reliance on, among other things, an FCC interpretation of "ATDS" where the statute's express definition thereof is unambiguous and must be given effect by the Court. Stated differently, PRA's request to the Court to interpret the plain meaning of the TCPA does not require the Court to enjoin, set aside, annul, or suspend any of the FCC's TCPA Orders. In this regard, Plaintiff's reliance on authority such as *FCC v. ITT World Communications, Inc.*, 466 U.S. 463 (1984), is misplaced. There, the litigants had "request[ed] the District Court to enjoin action that is the outcome of the agency's order." *Id.* at 468. Here, PRA makes no such request.[1]

Last, assuming *arguendo* that the Hobbs Act applied here, it would effectively bar Plaintiff's own case—not any of PRA's defenses. To the extent this

---

[1] Similarly, Plaintiff fails to address whether any relevant FCC Order is a "final order" or otherwise made reviewable by Section 402(a) for purposes of the Hobbs Act. Contrary to Plaintiff's apparent position, it is not the case that any FCC action is automatically a "final order" reviewable under Section 402(a). *See Miller v. FCC*, 66 F.3d 1140, 1144 (11th Cir. 1995) (finding the FCC's declaratory ruling to be merely an "agency opinion"—a pronouncement interpreting the Communications Act).

case proceeds forward, Plaintiff's claims would require this Court to analyze the validity of and consider the issues decided in certain FCC Orders notwithstanding the TCPA's plain language. (*See, e.g.*, Pl.'s Resp. at 13 (discussing the alleged validity of the FCC's analysis and conclusion in its 2008 TCPA Order).) If applicable, the Hobbs Act would preclude Plaintiff from making such requests. *See* 28 U.S.C. § 2342 ("The court of appeals . . . has exclusive jurisdiction . . . to determine the validity of . . . all final orders of the [FCC] made reviewable by section 402(a) of title 47."). Therefore, Plaintiff's jurisdictional argument—if accepted—would in effect defeat her own TCPA claim, which ignores the TCPA's key statutory definition and rests entirely on certain FCC Orders.

Accordingly, Plaintiff's jurisdictional argument under the Hobbs Act falls short, and this Court has jurisdiction to consider all of PRA's defenses.

### D. The Court need not look to the issue of consent to grant PRA's Cross-Motion for Summary Judgment.

As discussed *supra*, Plaintiff has presented no evidence that PRA's dialers have the requisite capacity to store or produce telephone numbers to be called, using a random or sequential number generator. On this basis alone, PRA is entitled to summary judgment.

The Court need not address the issue of consent to determine that PRA's dialers do not qualify as ATDSs under the TCPA. Thus, consent does not preclude the Court from granting PRA's Cross-Motion for Summary Judgment. Rather, it is *Plaintiff's* Motion for Summary Judgment that the Court cannot grant due to the fact-intensive question of consent. PRA previously detailed the material questions of fact related to the issue of consent which would require a factfinder's determination at trial. (*See, e.g.*, PRA's Statement of Additional Material Facts at ¶¶ 23, 25-26, 27-29; *see also* PRA's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and in Support of its Cross-Motion for Summary Judgment ("PRA Mem.") at 6, 8.)

## II. Plaintiff has demonstrated neither injury nor standing.

### A. There is no evidence that Plaintiff has suffered injury in fact or that causation exists.

Plaintiff attempts to demonstrate that she has constitutional standing by arguing that she "need not show that [she] was charged for the calls" to her cellular phone. (Pl.'s Resp. at 10.) In other words, she argues that she has standing because she does not need to prove standing. But Plaintiff's cited authority—*see, e.g., Gutierrez v. Barclays Group*, No. 10cv1012, 2011 U.S. Dist.

LEXIS 12546 (S.D. Cal. Feb. 9, 2011), *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010)—does not concern Article III standing.

Article III standing is an "irreducible constitutional minimum" that is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Moreover, "injury in fact" is an invasion of a legally protected interest which is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560–61. Here, there is no evidence that Plaintiff has suffered injury in fact or any actual damages to support Article III standing. Any claimed injury by the Plaintiff would be merely conjectural or hypothetical. Plaintiff cannot maneuver around this fundamental requirement by arguing whether or not she needs to show she was charged for the calls in question. For this reason, she lacks Article III standing.

Likewise, Plaintiff cannot prove causation. Plaintiff asserts that, under *Mitchem v. Illinois Collection Service, Inc.*, 09 C 7274, 2010 U.S. Dist. LEXIS 76581 (N.D. Ill. 2010), causation exists because she has "demonstrate[d] that her injury was caused by something the TCPA was designed to protect." (Pl.'s Resp. at 11.) But *Mitchem* lends no support for Plaintiff's argument that she has proven causation for purposes of constitutional standing. A mere allegation of a

statutory violation does not relieve Plaintiff of her burden to demonstrate Article III standing. Because Plaintiff has failed to meet that burden, her TCPA claim fails as well.

### B. In light of the lack of an injury, Plaintiff's sought damages are constitutionally disproportionate.

Plaintiff attempts to frame this issue as whether the TCPA's statutory-damages provision is constitutional on its face. (Pl.'s Resp. at 21.) This misses the point. Here, Plaintiff has alleged damages in excess of $5,000,000, claiming each member of the proposed class is entitled to up to $1,500 in statutory damages. (Compl. at 3.) Any award to Plaintiff and each putative class member, even at the statutory minimum of $500, would, *when considered in the aggregate*, violate PRA's due-process rights. This is particularly true given that Congress never intended the TCPA to be a mechanism for litigants to recover such unusually-high damages awards. Senator Hollings stated that the intent of the TCPA is to allow plaintiffs "to appear before [a small-claims court] without an attorney." 137 Cong. Rec. S16204 (daily ed. Nov. 7, 1991).

In light of this congressional intent, and given the manner in which Plaintiff seeks to apply the TCPA, the aggregate of Plaintiff's sought damages would be grossly disproportionate to any actual damage suffered by Plaintiff.

11

*Cf. London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003) (collecting cases and noting that class treatment is inappropriate in light of due process concerns where defendant's liability "would be enormous and completely out of proportion to any harm suffered by the plaintiff.").

Likewise, Plaintiff's argument that PRA's due-process concerns are premature is equally without merit. *See, e.g., Saunders v. Trattoria*, No. CV 07-1060, 2007 U.S. Dist. LEXIS 97193, at *11 (C.D. Cal. Oct. 23, 2007) (rejecting class representative's argument that "any due process concerns are premature," and indicating that the class-certification stage is an "appropriate time to address the potential for shocking damages"). Accordingly, Plaintiff's attempt to aggregate statutory damages on a class-wide basis is barred by the Due Process Clause, especially where Plaintiff has suffered no injury in fact.

## Conclusion

For the foregoing reasons, PRA respectfully requests that the Court grant PRA's request that it be granted summary judgment.

Dated this 25th day of October, 2011.

        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By:   *s/Jennifer M. Robbins*
      Jennifer M. Robbins
      MN Reg. No. 387745, admitted pro hac vice

      Christopher W. Madel
      MN Reg. No. 230297, admitted pro hac vice
      Denise S. Rahne
      MN Reg. No. 331314, admitted pro hac vice
      Jennifer M. Robbins
      MN Reg. No. 387745, admitted pro hac vice
      Barry M. Landy
      MN Reg. No. 391307, admitted pro hac vice

      2800 LaSalle Plaza
      800 LaSalle Avenue
      Minneapolis, MN 55402-2015
      Telephone: 612-349-8500
      Facsimile: 612-339-4181
      E-mail: cwmadel@rkmc.com
      Email: dsrahne@rkmc.com
      E-mail: jmrobbins@rkmc.com
      E-mail: bmlandy@rkmc.com

      Lisa L. Heller
      Georgia Bar Number 344109
      2600 One Atlanta Plaza
      950 East Paces Ferry Road, N.E.
      Atlanta, GA 30326-1386
      404-760-4300
      Fax: 404-233-1267
      Email: llheller@rkmc.com

      *Attorneys for Defendant Portfolio Recovery Associates, LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 5.1 of the Northern District of Georgia, that the foregoing Defendant Portfolio Recovery Associates, LLC's Reply Memorandum of Law in Support of its Cross-Motion for Summary Judgment complies with the font and point selections approved by the Court in L.R. 5.1. The foregoing pleading was prepared on a computer using 13-point Book Antiqua font, as permitted by Local Rule 5.1C.

Dated this 25th day of October, 2011.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: *s/Jennifer M. Robbins*
    Jennifer M. Robbins
    MN Reg. No. 387745, admitted pro hac vice

    Christopher W. Madel
    MN Reg. No. 230297, admitted pro hac vice
    Denise S. Rahne
    MN Reg. No. 331314, admitted pro hac vice
    Jennifer M. Robbins
    MN Reg. No. 387745, admitted pro hac vice
    Barry M. Landy
    MN Reg. No. 391307, admitted pro hac vice

    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, MN 55402-2015
    Telephone: 612-349-8500
    Facsimile: 612-339-4181
    E-mail: cwmadel@rkmc.com

Email: dsrahne@rkmc.com
E-mail: jmrobbins@rkmc.com
E-mail: bmlandy@rkmc.com

Lisa L. Heller
Georgia Bar Number 344109
2600 One Atlanta Plaza
950 East Paces Ferry Road, N.E.
Atlanta, GA 30326-1386
404-760-4300
Fax: 404-233-1267
Email: llheller@rkmc.com

*Attorneys for Defendant*
*Portfolio Recovery Associates, LLC*

82571583.2